## William S. Churchill v. Town of West Fairlee.

An individual cannot sustain an action against a town, for support afforded to a pauper having a legal settlement in such town, when there is no evidence that the support was afforded at the express request of the town, and there has been no subsequent promise to pay.

Indebitatus Assumpsit. The declaration was for work and labor, and for money paid, laid out and expended by the plaintiff for the defendants, at the defendants' request, in the support and maintenance of one Austin F. Churchill, who was described, in the declaration, as a pauper, having his legal settlement in said town of West Fairlee. Plea, the general issue, and trial by jury.

Churchill *v.* West Fairlee.

On trial it appeared, from the evidence, that the said Austin F. Churchill was a son of the plaintiff, about thirty years of age, and resided in the family of his father, in West Fairlee, and that his legal settlement was in that town ; that he was blind, and poor, and in need of relief; and that he had hitherto been supported by the plaintiff, at an expense of about two dollars per week. It was admitted, also, that the father had but little property. It also appeared that the plaintiff, in the winter, or spring, of 1843, gave notice to the overseer of the poor of West Fairlee that the town must support the said Austin; and the plaintiff gave evidence tending to prove, that, in the latter part of March, 1843, the overseer of the poor of said town came to the house of the plaintiff, and said to the plaintiff that he had come to make a bargain with him about his son until town meeting, and that, when the town meeting was called, he would bring the business before the town ; and that they both then agreed to let the matter rest until the town meeting,— the plaintiff saying to the overseer that he did not wish to do any thing to render void his application for relief.

The county court decided that the plaintiff could not recover, without proof of an express promise by the defendants to pay for the support of his son, and that the evidence in the case had no tendency to prove an express promise, and directed the jury to return a verdict for the defendants. Exceptions by plaintiff.

*S. Austin* for plaintiff.

*L. B. Peck* and *J. W. D. Parker,* for defendants, cited *Aldrich* v. *Londonderry,* 5 Vt. 441 ; *Ives* v. *Wallingford,* 8 Vt. 224 ; *Castleton* v. *Miner,* 8 Vt. 209 ; *Houghton* v. *Danville,* 10 Vt. 537.

The opinion of the court was delivered by

HEBARD, J. The only question arises upon the construction of the first section of the statute, in relation to the liability of towns to support paupers. The statute is, that "Every town shall relieve and support all poor and indigent persons, *lawfully settled* therein, whenever they shall stand in need of relief." The other part of the statute has defined what facts shall constitute a *legal settlement;* and the *liability* of towns, in that respect, must be determined by law. But

Hicks et al. *v.* Cram et al.

whether the person applying *needs relief* depends upon a great variety of circumstances; and therefore the towns themselves, or their agents, must judge in that respect.

The Revised Statutes, in this respect, are not essentially different from the statutes in force previous to their enactment; and it therefore becomes unnecessary to go into any reasoning upon the subject of the liability of towns,—as that question has been so frequently decided. Towns are only liable upon an express contract; and however much they may be wanting in that principle of *liberality* and *benevolence*, that is manifested in the provisions of the statute, this court cannot arraign them in the *forum* of *honor*, or *conscience*, to compel them to do that, which either of those tribunals would award.

This case comes within the principle of so many adjudged cases, that there is nothing left to be said, except that the judgment of the court below was correct and is affirmed.